UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES A. EDWARDS,

Plaintiff,

v.

SANTA CRUZ COURTS, et al.,

Defendants.

Case No.  26-cv-01602-VC

**ORDER OF DISMISSAL**

Charles Edwards, a California state prisoner, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A. For the reasons identified below, the complaint is dismissed. Edwards is granted leave to proceed *in forma pauperis* by separate order.

## DISCUSSION

a.      **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are

not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### b.      Edwards's Allegations

Edwards names the Santa Cruz county courts and former judge Timothy Volkmann, and alleges that his conviction has been reversed and his sentenced vacated, but he has not been released by the California Department of Corrections and Rehabilitation. He seeks ten million dollars and states he should at least be in Atascadero if not released.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). While Edwards claims that his conviction was reversed and his sentence vacated, the California appellate court in 2025 upheld the trial court's 2024 resentencing order "[striking] the legally invalid enhancements imposed pursuant to section 667.5, subdivision (b), but declin[ing] to strike two five-year enhancements imposed pursuant to section 667, subdivision (a)(1), on the basis that Edwards posed a clear risk to public safety." *People v. Edwards*, No. H051947, 2025 WL 1528993, at *1 (Cal. Ct. App. May 29, 2025). His

2

claim for damages cannot proceed.

As for Edwards's claim for release, habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011). The case is dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

### CONCLUSION

The case is dismissed without prejudice to being brought as a petition for writ of habeas corpus. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 14, 2026

_____
VINCE CHHABRIA
United States District Judge

3